**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Victor Krosch and Videll Krosch,           ) | |
|                                            ) | |
|     Plaintiffs,        ) | |
|                                            ) | **ORDER (AMENDED) DENYING** |
|     v.                 ) | **MOTION FOR RELIEF FROM THE** |
|                                            ) | **SCHEDULING ORDER** |
| JLG Industries, Inc., P-Q Controls, Inc.,  ) | |
| and Dakota-Montana, Hardware, Inc.         ) | |
|                                            ) | Civil No. 1:07-CV-045 |
|     Defendants.        ) | |

_____

Before the court is a motion filed by the Plaintiffs on November 14, 2008, seeking to extend the deadlines for discovery, expert disclosures, and for filing motions regarding spoilation of evidence. On November 21, 2008, the court held a telephonic hearing on the motion.

## I.  BACKGROUND

This is a products liability action filed by the plaintiffs against defendants JLG Industries, Inc., ("JLG"), P-Q Controls, Inc. ("P-Q Controls"), and Dakota-Montana Hardware, Inc. ("Dakota-Montana"). Plaintiffs rented a scissor-lift, aerial work platform from Dakota-Montana, which was manufactured by JLG and which is alleged to have used controls manufactured by P-Q Controls. On or about October 17, 2003, plaintiff Victor Krosch was injured when the work platform overturned.

On March 3, 2004, plaintiffs' counsel sent a letter to the insurer/adjustor for Dakota-Montana stating the following:

> First, it is my understanding that your insured is in possession of the "scissor lift" involved in this accident. If at any time your insured intends to discard or relinquish possession of this machine, please inform my office so that we can take the necessary

1

>steps to assume possession. As you are aware the machine is an important piece of evidence and must be preserved.

(Exhibit 3 to Plaintiffs Response to JLG Industries, Inc.'s Motion for Summary Judgment).  At the time the letter was sent, it appears the work platform was still located at Dakota-Montana's store in Bismarck but that later it was later disposed of without any notice to plaintiffs' counsel.  The whereabouts of the work platform is unknown.

Plaintiffs initiated this action in state court during or about May 2007, and the case was removed to this court on June 22, 2007.  Upon the filing of the case, the court established interim deadlines for completing pretrial activities and set a trial date of January 20, 2009.  Several of the interim pretrial deadlines were later extended.  Relevant here are the pretrial deadlines for completing fact discovery of August 1, 2008, along with the deadline for plaintiffs' expert disclosures, which was extended to May 9, 2008.

Rather than obtaining court approval for further modification of the scheduling deadlines, plaintiffs made their expert disclosure just prior to the May 9, 2008, deadline stating they were reserving their right to name a liability expert pending confirmation that the work platform could not be located, which the disclosure acknowledged was unlikely.  In relevant part, the disclosure stated:

>Unavailability of the mobile aerial work platform.
>As of this date of this identification of experts, parties are still awaiting confirmation that the mobile aerial work platform in this case is lost/unavailable to be examined. It is plaintiffs ' understanding from discussions with defense counsel for Defendant True Value that in all likelihood the mobile aerial work platform will not be found and the same will be confirmed. Until plaintiffs receive confirmation of the same they are unable to identify an expert in this area as the subject of an examination is unavailable. It is anticipated that upon receiving confirmation of the machine's status, Plaintiffs will present spoliation/appropriate evidentiary motions. Plaintiffs therefore reserve the right to amend the expert disclosure to include an expert relative to the mobile aerial work platform.

(Exhibit 1 to Defendant JLG Industries, Inc.'s Memorandum in Support of Motion for Summary Judgment, p. 2).

What transpired between plaintiffs' counsel and counsel for Dakota-Montana prior to the May 9, 2008, deadline for plaintiffs' disclosure of experts is not clear, but on June 9, 2008, counsel for Dakota-Montana sent a letter to all of the parties confirming that his client no longer had possession of the work platform, that it had likely been sold sometime prior to the closing of the Bismarck store, and that it had no records indicating to whom the lift was sold.

On July 16, 2006, both JLG Industries and P-Q Controls filed motions for summary judgments seeking to dismiss the action as to them. The thrust of the motions is that plaintiffs have no case against them, particularly given they have not disclosed any expert testimony. Plaintiffs responded to the motions on August 18, 2008, arguing, in part, that expert testimony was not required to hold JLG Industries and P-Q Controls in the case. In the alternative, plaintiffs argued that, if the court determines that expert testimony is needed, they should be given an opportunity to secure the same claiming this would be equitable since they had not been definitively told the work platform could not be found until almost a month after the deadline for disclosing expert testimony had passed. They also argued that another alternative would be for the court to fashion an appropriate remedy against Dakota-Montana for its loss of the lift.

On October 3, 2008, two days after the expiration of the deadline for filing dispositive motions, Dakota-Montana filed its motion for summary judgment along with a stipulation seeking leave to allow the late filing, which the court granted. Plaintiffs filed a response on November 12, 2008, and two days later, on November 14, 2008, the present motion seeking to extend the deadlines for discovery, expert disclosures, and motions regarding the spoilation of the evidence.

The trial is scheduled for January 20, 2009.

## II.   DISCUSSION

With respect to defendants JLG Industries and P-Q Controls, the deadlines that plaintiffs seek to extend have long since passed and they had no involvement in disposing of the work platform. As to these defendants, plaintiffs' motion is clearly untimely, particularly with the impending trial date. Anything that possibly could be accomplished by an expert now as to these two defendants could have been done before the expiration of the deadline for expert disclosures, or, at the very least, plaintiffs could have made a timely request to extend the deadlines.[1] An ambiguous request for relief in a response to a motion for summary judgment is not an appropriate substitute for either complying with the court's deadlines or seeking an extension.

Likewise, plaintiffs had ample opportunity to seek an extension of the deadlines with respect to Dakota-Montana's motion for summary judgment. On the other hand, the situation with respect to Dakota-Montana is somewhat different and complicated by the spoilation issues raised by the plaintiffs in response to Dakota-Montana's motion for summary judgment. Consequently, if the court denies Dakota-Montana's motion for summary judgment, the court may permit some relaxation of the scheduled deadlines.

---

[1] While not a basis for the court's denial of the motion as to JLG Industries and P-Q Controls, the court doubts there is anything that the plaintiffs could present now in terms of expert testimony that would change the liability picture as to JLG Industries and P-Q Controls, given the particular circumstances of the case and the fact the work platform was disposed of and its whereabouts are unknown.

## III.     ORDER

Plaintiffs' motion for relief from the court's scheduling order (Docket # 48) is **DENIED** but without prejudice to the plaintiffs seeking additional relief if the pending motion for summary judgment by Dakota-Montana is denied.

Dated this 15th day of December, 2008.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge