**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Victor Krosch and Videll Krosch, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **RENEWED MOTION FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Dakota-Montana Hardware, Inc., | ) | |
| | ) | Case No. 1:07-cv-045 |
| Defendant. | ) | |

___

Defendant Dakota-Montana Hardware, Inc. originally filed a motion for summary judgment on October 3, 2008. See Docket No. 43. On December 19, 2008, the Court denied Dakota-Montana Hardware's motion for summary judgment, but granted motions for summary judgment filed by defendants JLG Industries, Inc. and P-Q Controls, Inc. See Docket No. 54. Now before the Court is Dakota-Montana Hardware's renewed motion for summary judgment filed on May 5, 2009. See Docket No. 62. On June 8, 2009, the Plaintiffs filed a response in opposition to the renewed motion. See Docket No. 63. Dakota-Montana Hardware's renewed motion for summary judgment is denied for the reasons set forth below.

### I.    BACKGROUND

The plaintiffs, Victor Krosch and Videll Krosch, reside on a ranch near Selfridge, North Dakota. Former defendant JLG Industries, Inc., a Pennsylvania corporation, manufactures mobile aerial work platforms (scissors lifts). Former defendant P-Q Controls, Inc., a Connecticut corporation, produces and manufactures industrial controls, including level sensors. Defendant Dakota-Montana Hardware, Inc., a Minnesota corporation, was engaged in hardware retail sales and

equipment rental through the operation of a True Value retail store located in Bismarck, North Dakota.

On October 17, 2003, the Plaintiffs rented a scissors lift from the True Value store. Before the Plaintiffs rented the scissors lift, they informed True Value employees that they intended to use the lift in its elevated position to paint their barn. The Plaintiffs also informed the True Value employees that the land surrounding the barn was compacted dirt and sloped away from the barn. The True Value employees assured the Plaintiffs that the scissors lift was safe to use for this purpose and would not tip over because it had a wide base.

On October 17, 2003, the Plaintiffs brought the scissors lift home and Victor Krosch moved the lift into a position parallel with the barn. Prior to painting, Victor Krosch intended to measure one of the barn's windows that was approximately twenty-two feet from the ground so that he could make a piece of cardboard to cover the window. Victor Krosch raised the scissors lift to a height at which he was approximately even with the window. It is alleged that the scissors lift tipped over before Victor Krosch was able to measure the window. He suffered serious injuries from the fall. Victor Krosch did not notice an alarm or light (level sensor) indicating that the lift was on a slope or that it was about to tip over.

The Plaintiffs contend that JLG Industries manufactured the scissors lift and that it was equipped with a level sensor manufactured by P-Q Controls. The Plaintiffs contend that the scissors lift was owned by Dakota-Montana Hardware, doing business as True Value, and was offered to the public as rental equipment. On March 3, 2004, counsel for the Plaintiffs sent a letter to Dakota-Montana Hardware's insurance adjuster requesting that the scissors lift be preserved.

On May 28, 2007, the Plaintiffs filed a complaint in North Dakota state court. On June 22, 2007, the action was removed to federal court. The Plaintiffs brought strict products liability claims against JLG Industries and P-Q Controls, and a negligence claim against each of the Defendants. See Docket No. 1-2.

On August 17, 2007, the Court established April 2, 2008, as the deadline for the parties to disclose expert witnesses. The deadline was later extended to May 9, 2008, for the Plaintiffs and June 9, 2008, for the Defendants. On June 9, 2008, counsel for Dakota-Montana Hardware informed the Plaintiffs that the scissors lift had been sold to an unidentified third party and efforts to locate the lift were unsuccessful. The scissors lift has never been located or inspected. On November 14, 2008, the Plaintiffs filed a motion for an extension of time "to disclose additional experts in light of the Defendant [Dakota-Montana Hardware's] disclosure that the scissor lift has been lost," to perform discovery, and to file a motion regarding spoliation. See Docket No. 48.

On December 19, 2008, the Court granted summary judgment in favor of defendants JLG Industries and P-Q Controls. See Docket No. 54. However, the Court denied Dakota-Montana Hardware's motion for summary judgment, finding that genuine issues of material fact remained as to the fault of Dakota-Montana Hardware. The Court also found that further discovery was necessary to determine whether Dakota-Montana Hardware engaged in spoliation by selling the scissors lift before the Plaintiffs ever had a chance to inspect the lift and the level sensor for purposes of this lawsuit.

The Court afforded the Plaintiffs and Dakota-Montana Hardware "the opportunity to conduct some limited discovery on the subject of spoliation" and ordered that new deadlines be "established for the completion of discovery and the filing of pretrial motions." See Docket No. 54. The parties

were given until May 4, 2009, to complete fact discovery, file discovery motions, and file dispositive motions.

On May 5, 2009, Dakota-Montana Hardware filed a renewed motion for summary judgment. Dakota-Montana Hardware contends that the original motion for summary judgment "was denied because of the spoliation issue" and that summary judgment is appropriate because the Plaintiffs have not "presented any further evidence to demonstrate a genuine issue of material fact." See Docket No. 62.

In response to the renewed motion for summary judgment, the Plaintiffs "stand on the previous submission of law, argument and filings submitted in response to Defendant Dakota-Montana Hardware, Inc.'s Motion for summary judgment." See Docket No. 63. Additionally, the Plaintiffs have submitted the depositions of Robert Sternke, the general manager of Dakota-Montana Hardware, and Kevin Blackwood, a former store manager of Dakota-Montana Hardware's True Value store in Bismarck, North Dakota. These depositions were taken in "an attempt to locate the scissor-lift or to identify what steps were taken by [Dakota-Montana Hardware] to preserve the scissor lift." See Docket No. 63.

**II.    LEGAL DISCUSSION**

This action is based on diversity jurisdiction. Therefore, the Court will apply the substantive law of North Dakota. See Paracelsus Healthcare Corp. v. Philips Med. Sys., 384 F.3d 492, 495 (8th Cir. 2004).

The Plaintiffs have brought a negligent failure-to-warn claim against Dakota-Montana Hardware. In a negligence action in North Dakota, "the plaintiff has the burden of demonstrating

(1) a duty, (2) breach of that duty, (3) causation, and (4) damages." Investors Real Estate Trust Properties, Inc. v. Terra Pac. Midwest, Inc., 686 N.W.2d 140, 144 (N.D. 2004).

The North Dakota Supreme Court has recognized a negligent failure-to-warn cause of action and has cited the principles set forth in Section 388 of the Restatement Second of Torts (1965), as summarizing the elements for negligent failure-to-warn. Collette v. Clausen, 667 N.W.2d 617, 624 (N.D. 2003). Section 388 provides that:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a)   knows or has reason to know that the chattel is or likely to be dangerous for the use for which it is supplied, and
>
> (b)   has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c)   fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

By applying the principles of the Restatement, the North Dakota Supreme Court was clarifying existing negligence principles within the context of failure-to-warn. Collette, 667 N.W.2d at 624.

The Plaintiffs argue that Dakota-Montana Hardware negligently failed to accurately communicate information about the stability, safety features, and suitability of the scissors lift for painting a barn which resulted in Victor Krosch's use of the scissors lift and his subsequent injuries when the lift tipped over. The Plaintiffs allege that Dakota-Montana Hardware negligently failed to warn the Plaintiffs that the scissors lift should not have been used on dirt, that the lift would not stop elevating if it was on uneven ground, and that the lift would not warn the operator that it was on

5

uneven ground by an alarm or light. The Plaintiffs also contend that the rental agreement provisions that limit Dakota-Montana Hardware's liability are unconscionable.

Dakota-Montana Hardware contends that it did not owe a duty to, or breach any duty to, the Plaintiffs in leasing them the scissors lift in October 2003. Dakota-Montana Hardware further contends that the scissors lift was appropriate for the specified purposes, namely, use on flat ground; that Dakota-Montana Hardware did not owe a duty to Victor Krosch because he did not sign the lease and was therefore a prohibited user; and that the rental agreement signed by Videll Krosch included clauses which agreed to hold Dakota-Montana Hardware harmless, to indemnify it for any liability, and to waive claims for personal injury and other damages.

In its renewed motion for summary judgment, Dakota-Montana Hardware contends that it "appeared in [the Court's December 19, 2008, order] that the Defendant Dakota Montana Hardware, Inc.'s Motion for Summary Judgment was denied because of the spoliation issue . . . ." See Docket No. 62. Dakota-Montana Hardware contends that the Plaintiffs have failed to present any further evidence to demonstrate a genuine issue of material fact.

In denying Dakota-Montana Hardware's original motion for summary judgment, the Court found "that there are genuine issues of material fact which exist as to the various claims asserted by the Plaintiffs against the retail store (True Value) which leased the scissors lift to the Plaintiffs in October 2003." See Docket No. 54. The Court further found that the "Plaintiffs' claims are also complicated by the spoliation issue, i.e., the sale of the scissors lift by the insurer for Dakota-Montana Hardware in the midst of this litigation." See Docket No. 54.

Dakota-Montana Hardware's lone contention in the renewed motion appears to be that summary judgment is appropriate because the Plaintiffs have not addressed the spoliation issue.

6

However, it is clear from a review of the Court's previous order (Docket No. 54) that the original motion for summary judgment was denied based on the existence of genuine issues of material fact as to the fault of Dakota-Montana Hardware, and not simply based on the need to conduct further discovery on spoliation.  There remain genuine issues of material fact for a jury to resolve as to the fault of Dakota-Montana Hardware under North Dakota law.

### III.     CONCLUSION

The Court finds that genuine issues of material fact remain as to the various claims asserted by the Plaintiffs against Dakota-Montana Hardware.  Therefore, the Court **DENIES** Dakota-Montana Hardware's renewed motion for summary judgment (Docket No. 62).

**IT IS SO ORDERED**.

Dated this 25th day of June, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court